Dec. 29, 2014

**FILED FOR RECORDS**
at __1:11__ o'clock __P__.M.

JAN - 9 2015
FILED IN
ELLEN JAGGERS, District Clerk
TEXARKANA, TEXAS
Franklin County, Texas
By _____ Deputy

DEBBIE AUTREY
Clerk

Clerk of the court,
the Sixth Court of appeals
Bi-State Justice Bldg.
100 North State Line Avenue, 20
Texarkana, Texas 75501-5666

Dear Clerk of the Court:

Enclosed please find my PRO-SE appeal for a New Trial and Motion in arrest of judgment in cause NO. 8859 and 8796.

Please file and bring to the attention of the court.

Thanks for your help in this matter.

Sincerely,
Marvin F Hall
MARVIN FRANK HALL
PRO SE
TDCJ-ID. 1259577
GURNEY UNIT
1385 FM 3328
PALESTINE, TEXAS 75803

IN THE SIXTY COURT OF APPEALS
BI-STATE JUSTICE BLDG.
100 NORTH STATELINE AVEUE, 20
TEXARKANA, TEXAS 75501-5666.

RECEIVED IN
The ~~~~~~~ Appeals
Sixth District

Texa~~~~~, Texas
Debra ~~~~~ey, Clerk

IN THE DIRECT APPEAL OF MARVIN FRANK HALL
SEEKING RELIEF FROM FINAL FELONY CONVICTION


ON APPEAL FROM CAUSE NO. 8859 AND 8796

| THE STATE OF TEXAS | X  8TH DISTRICT COURT |
| VS. | X  IN AND FOR |
| MARVIN FRANK HALL | X  FRANKLIN COUNTY, TEXAS |

THE ISSUE

APPELLANT'S MOTION FOR NEW TRIAL + MOTION IN ARREST
OF JUDGMENT


REPRESENTATION

APPELLANT REPRESENTED BY : MARVIN FRANK HALL _PRO_SE
ATTORNEY FOR 8TH DISTRICT COURT _ FRANKLIN COUNTY :
WILL RAMSEY _ DISTRICT ATTORNEY


TO THE HONORABLE CHIEF JUSTICE JOSH R. MORRIS III :
  COMES NOW MARVIN FRANK HALL, APPELLANT IN THE ABOVE
ENTITLED AND NUMBERED CAUSES AND MOVES THIS COURT
TO GRANT HIS APPEAL FOR A NEW TRIAL AND ARREST OF
JUDGMENT AND IN SUPPORT OF THIS APPEAL WOULD SHOW
THE COURT THE FOLLOWING :


JURISDICTION

THIS COURT HAS JURISDICTION ON DIRECT APPEAL FROM A DECISION OF THE 8TH DISTRICT COURT, FRANKLIN COUNTY, TEXAS. APPELLANT'S APPEAL IS FILED IN THE PROPER JURISDICTION.

## I.

THE APPELLANT IN THE ABOVE ENTITLED CAUSE IS PRESENTLY CONFINED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, UNDER A CONVICTION FOR DWI THREE (3) OR MORE AND PROBATION VIOLATION. APPELLANT WAS SENTENCED TO A TERM OF TEN (10) YEARS IMPRISONMENT.

## II.

APPELLANT, MARVIN FRANK HALL, NOW MOVE THE HONORABLE JUSTICE OF SAID COURT TO GRANT HIS APPEAL FOR A NEW TRIAL AND ARREST OF JUDGMENT PURSUANT TO RULES 21 AND 22 OF THE TEXAS RULES OF APPELLATE PROCEDURE AND IN SUPPORT OF THIS MOTION SHOWS THE COURT THE FOLLOWING:

(1). ON SEPT. 5, 2014, MARVIN FRANK HALL, PLED GUILTY TO DWI 3 OR MORE. THE COURT FOUND MR. HALL GUILTY AND IMPOSED THE SENTENCE OF TEN (10) YEARS IN THE INSTITUTIONAL DIVISON OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, AND FINE.

(2). AFTER THE HEARING, MR. HALL, FILED HIS MOTION TO WITHDRAW HIS PLEA. THIS MOTION WAS FILED WITHIN THE REQUIRED TIME PERIOD.

(3). MR. HALL SEEKS A NEW TRIAL ON THE GROUNDS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE, THE FACTS PLACED IN EVIDENCE BY THE STATE MAKE EVIDENT HALL'S INNOCENCE, AND IN THE INTEREST OF JUSTICE.

(4) IN CASES ALLIGING INEFFECTIVE ASSISTANCE OF COUNSEL, COURTS APPLY THE "STRICKLAND TEST". STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); HERNANDEZ V. STATE, 726 S.W 2d 53 (TEX. CRIM. APP. 1986) (ADOPTING STRICKLAND AS THE APPROPRIATE STANDARD UNDER TEXAS LAW). THE STRICKLAND TEST REQUIRES A TWO STEP ANALYSIS:

(A). DID THE ATTORNEY'S PERFORMANCE FAIL TO CONSTITUTE "REASONABLY EFFECTIVE ASSISTANCE," THAT IS, DID THE DEFENSE ATTORNEY'S REPRESENTATION FALL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS UNDER PREVAILING PROFESSIONAL NORMS?

(B). IF SO, WAS THERE A REASONABLE PROBAILITY THAT, BUT FOR CONUNSEL'S UNPROFESSIONAL ERROR, THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT?

A REASONABLE PROBAILITY IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); STATE V. WILLIAMS, 83 S.W. 3d 371 (TEX. APP. - CORPUS CHRISTI 2002).

(5). IN THIS CASE, THE FIRST PRONG OF THE STRICKLAD TEST IS MEET. TRIAL COUNSEL'S CONDUCT FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS BECAUSE COUNSEL FAILED TO FILE A MOTION TO DISMISS THE CHARGE FOR INSUFFENCT EVIDENCE, AND VIOLATION OF MR. HALL'S

(3)

SIXTH AMEND. RIGHT TO A FAIR TRIAL, ADDITIONALLY, TRIAL COUNSEL FAILED TO INTRODUCE CHRISTOPHER LEE BENNETT STATEMENT THAT HE TOOK THE BIRTH TEST AT THE SCENCE AND IT WAS HIM THE OFFICER PLACED IN THE BACK SEAT OF HIS CAR.

TRIAL COUNSEL'S FAILED TO INTERVIEW HALL'S TWO WITNESS WHO COULD PROVE THE OFFICER GAVE THE BIRTH TEST TO MR. HALL IN THE ER NOT AT THE SCENCE; OR TO PRESERVE THE DUE PROCESS CLAIM FOR APPEAL AS REQUIRED UNDER TEXAS RULES OF APPELLATE PROCEDURE §33.1.

AS A RESULT OF TRIAL COUNSEL'S INACTION MR. HALL ENTERED INTO A PLEA AGREEMENT WITHOUT ENOUGH INFORMATION TO MAKE AN INFORMED AND CONSCIOUS DECISION. SEE, HERRING V. ESTELLE, 491 F2d 125 (5TH CIR. 1974) (COUNSEL MUST ACTUALLY AND SUBSTANTIALLY ASSIST HIS CLIENT IN DECIDING WHETHER TO PLEAD GUILTY; THIS ADVICE SHOULD PERMIT THE ACCUSED TO MAKE AN INFORMED AND CONSCIOUS CHOICE); AND STATE V. WILLIAMS 83 S.W. 3d 371 (TEX. APP.— CORPUS CHRISTI, 2002). (A TRIAL COUNSEL'S DUTY TO A CLIENT INCLUDES FULLY EXPLAINING ANY PLEA OFFERS IN ORDER TO HELP HIS CLIENT MAKE AN INFORMED DECISION.)

(e) THE SECOND PRONG OF STRICKLAND IS ALSO MET IN THIS CASE. THE DEFICIENT PERFORMANCE BY MR. HALL'S COUNSEL PREJUDICED THE DEFENSE BY A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULTS OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. SPECIFICALLY, HALL'S PLEA OF GUILTY

(4)

AND THE MAXIMUM TEN (10) YEAR SENTENCE THAT THE COURT IMPOSED.

(7). IN SUPPORT OF THIS MOTION, THE FOLLOWING FACTS OUTSIDE THE RECORD IN THIS CASE ARE ALLEGED

@. -

(8). THE TRIAL COURT HAS THE DISCRETION TO GRANT A NEW TRIAL IN THE INTERESTS OF JUSTICE, AS THE COURT OF CRIMINAL APPEALS HAS EMPHASIZED:

FOR MORE THAN ONE HUNDRED AND TWENTY YEARS, OUR TRIAL JUDGES HAVE HAD THE DISCRETION TO GRANT NEW TRIAL IN THE INTEREST OF JUSTICE. IN MULLINS V. STATE, 37 TEX. 337, 339-340 (1872-73), THE SUPREME COURT, WHICH AT THAT TIME HAD CRIMINAL JURISDICTION HELD:

THE DISCRETION OF THE DISTRICT COURT, IN GRANTING NEW TRIALS, IS ALMOST THE ONLY PROTECTION TO THE CITIZENS AGAINST THE ILLEGAL OR OPPRESSIVE VERDICTS OF PREJUDICAL, CARELESS OR IGNORANT JURIES, AND WE THINK THE DISTRICT COURT SHOULD NEVER HESITATE TO USE THAT DISCRETION WHENEVER THE ENDS OF JUSTICE HAVE NOT BEEN ATTAINED BY THOSE VERDICTS.

THERE IS A CONFLICT BETWEEN OFFICER DAILY REPORT AND THE VIDEO, CHRISTOPHER LEE BENNETT STATEMENT AND OFFICER DAILY REPORT AS TO WHO HE GAVE THE BIRTH TEST TO AT THE SCENCE. THERE IS A CONFLICT BETWEEN OFFICER DAILY REPORT OF WHAT MR. HALL'S ACTIONS WAS. THAN MR. HALL ACTIONS RECORDED ON THE VIDEO.

THE DEFICIENT PERFORMANCE BY MR. HALL'S COUNSEL

(5)

IN NOT BRING THESE MATTERS TO THE COURT ATTENTION VIOLATES MR. HALL'S RIGHT TO A FAIR TRIAL UNDER THE FEDERAL CONSTITUTION AND RIGHT TO A FAIR TRIAL UNDER STATE CONSTITUTION.

(9) THE STATE PLACED INTO EVIDENCE OF HALL'S GUILT THE LAB REPORT OF HALL'S BLOOD. THE REPORT STATED HALL TESTED .09. UNDER STATE LAW .08 IS THE LIMIT. WHEN THE STATE'S LEGAL MARGIN OF ERROR IS APPLIED TO HALL'S BLOOD LAB TEST. APPELLANT HALL IS UNDER THE STATE'S .08 LEGAL LIMIT.

THE STATE PLACED INTO EVIDENCE THE VIDEO MADE AT THE SCENE. THE DIFFERENCE BETWEEN OFFICER DAILY'S SUPPLEMENT NARRATIVE INCIDENT NO. PD-13-0283 AND THE VIDEO MAKE EVIDENT OF HALL'S INNOCENCE.

WHEN IN A TRIAL UPON A PLEA OF GUILTY, FACTS PLACED IN EVIDENCE BY THE STATE MAKE EVIDENT INNOC-ENCE OF DEFENDANT, OR REASONABLY AND FAIRLY PRESENT SUCH AN ISSUE OF FACT, PLEA OF GUILTY SHOULD BE WITHDRAWN BY THE COURT AND A PLEA OF NOT GUILTY ENTERED. EDWORTHY V. STATE (CR. APP. 1963) 371 S.W. 2d 563. CRIMINAL LAW 274 (3.1) SEE SHIELDS V. STATE (CR. APP. 1980) 608 S.W.2d 924.; U.S V. DOMINGUEZ BENITEY (2004) 124 S. Ct. 2333.

(10). FOR THESE REASONS, AND FOR SUCH OTHER REASONS THAT MAY ARISE ON THE HEARING OF THIS MOTION, MR. HALL REQUEST A NEW TRIAL.

(6)

WHEREFORE, PREMISES CONSIDERED APPELLANT MARVIN FRANK HALL PRAYS THAT THE COURT SET ASIDE THE JUDGMENT OF CONVICTION ENTERED IN THIS CAUSE AND ORDER A NEW TRIAL ON THE MERITS.

RESPECTFULLY SUBMITTED:

Marvin F. Hall

MARVIN FRANK HALL

PRO-SE

TDCJ-ID 1259577

GURNEY UNIT

1385 FM 3328

PALESTINE, TEXAS 75803

## CERTIFICATE OF PRESENTMENT

BY SIGNATURE ABOVE, I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN MAILED TO THE CLERK FOR THE 8TH JUDICIAL DISTRICT COURT OF FRANKLIN COUNTY, ON THIS DAY, DECEMBER 29, 2014.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON DECEMBER 29, 2014, A TRUE AND CORRECT COPY OF THIS MOTION WAS MAILED AND SERVED ON THE FRANKLIN COUNTY DISTRICT ATTORNEY'S OFFICES.

## DECLARATION

I, MARVIN FRANK HALL, BEING PRESENTLY INCARCERATED.

(7)

IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE MOTION FOR NEW TRIAL IS TRUE AND CORRECT.

EXECUTED ON <u>DECEMBER 29, 2014</u>

<u>Marvin F. Hall</u>
MARVIN FRANK HALL
PRO-SE

(8)

FILED FOR RECORD

2015 JAN 12 PM 1:47

ELLEN JAGGERS
DISTRICT CLERK
FRANKLIN COUNTY TEXAS
Dec. 11, 2014
BY:_____

Ellen Jaggers
8th District Clerk
P.O. Box 150
208 Texas Hwy 37
Mount Vernon, Texas 75457

Dear Clerk of the Court:

Enclosed please find my PRO-SE appeal to the Sixth Court of appeal for a New Trial and motion in arrest of judgment in cause No. 8859 and 8796.

Please bring to the attention of Judge Northcut. Thanks for your help in this matter.

Sincerely,
Marvin F. Hall
MARVIN FRANK HALL
PRO-SE

TDCJ-ID—1259577
GURNEY UNIT
1385-FM 3328
PALESTINE, TEXAS 75803

Each court decision is supposed to be based on an earlier decision, which is called "Precedant". To show that your constitutional rights have been violated.

The most important precedent is a decision by the U.S. Supreme Court. Every court is supposed to follow this Precedent. This is called "Binding Precedent" because it must be followed.

In my motion for A Time cut I used U.S. VS BOOKER. In my motion for new trial I used U.S. 665,; 491 F.2d 125 (5th CIR. 1974). The Hon. Judge of the 8th District court refused to follow the U.S. Supreme Court and 5th Circuit Decision.

Order of Precedents:

Supreme Court — (Strongest)

↓

appeals court for your circuit

↓

District court for your District

↓

another appeals court

↓

another District court in your circuit

↓

another District court outside your circuit
(weakest, but still important)

IN THE SIXTH COURT OF APPEALS
BI-STATE JUSTICE BLDG.
100 NORTH STATELINE AVEUE, 10
TEXARKANA, TEXAS 75501-5666.


IN THE DIRECT APPEAL OF MARVIN FRANK HALL
SEEKING RELIEF FROM FINAL FELONY CONVICTION


ON APPEAL FROM CAUSE NO. 8859 AND 8996

THE STATE OF TEXAS        X 8TH DISTRICT COURT
        VS.               X   IN AND FOR
MARVIN FRANK HALL         X FRANKLIN COUNTY, TEXAS


## THE ISSUE

APPELLANT'S MOTION FOR NEW TRIAL + MOTION IN ARREST
OF JUDGMENT


## REPRESENTATION

APPELLANT REPRESENTED BY $ MARVIN FRANK HALL _PRO-SE
ATTORNEY FOR 8TH DISTRICT COURT _ FRANKLIN COUNTY $
WILL RAMSEY _ DISTRICT ATTORNEY


TO THE HONORABLE CHIEF JUSTICE JOSH R. MORRIS III :
    COMES NOW MARVIN FRANK HALL, APPELLANT IN THE ABOVE
ENTITLED AND NUMBERED CAUSES AND MOVES THIS COURT
TO GRANT HIS APPEAL FOR A NEW TRIAL AND ARREST OF
JUDGMENT AND IN SUPPORT OF THIS APPEAL WOULD SHOW
THE COURT THE FOLLOWING :


## JURISDICTION

THIS COURT HAS JURISDICTION ON DIRECT APPEAL FROM A DECISION OF THE 8TH DISTRICT COURT, FRANKLIN COUNTY, TEXAS. APPELLANT'S APPEAL IS FILED IN THE PROPER JURISDICTION.

## I.

THE APPELLANT IN THE ABOVE ENTITLED CAUSE IS PRESENTLY CONFINED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, UNDER A CONVICTION FOR DWI THREE (3) OR MORE AND PROBATION VIOLATION. APPELLANT WAS SENTENCED TO A TERM OF TEN (10) YEARS IMPRISONMENT.

## II.

APPELLANT, MARVIN FRANK HALL, NOW MOVE THE HONORABLE JUSTICE OF SAID COURT TO GRANT HIS APPEAL FOR A NEW TRIAL AND ARREST OF JUDGMENT PURSUANT TO RULES 21 AND 22 OF THE TEXAS RULES OF APPELLATE PROCEDURE AND IN SUPPORT OF THIS MOTION SHOWS THE COURT THE FOLLOWING:

(1). ON SEPT. 5, 2014, MARVIN FRANK HALL, PLED GUILTY TO DWI 3 OR MORE. THE COURT FOUND MR. HALL GUILTY AND IMPOSED THE SENTENCE OF TEN (10) YEARS IN THE INSTITUTIONAL DIVISON OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, AND FINE.

(2). AFTER THE HEARING, MR. HALL, FILED HIS MOTION TO WITHDRAW HIS PLEA. THIS MOTION WAS FILED WITHIN THE REQUIRED TIME PERIOD.

(2)

(3). MR. HALL SEEKS A NEW TRIAL ON THE GROUNDS THAT HIS TRIAL COUNSEL WAS INEFFECTIVE, THE FACTS PLACED IN EVIDENCE BY THE STATE MAKE EVIDENT HALL'S INNOCENCE, AND IN THE INTEREST OF JUSTICE.

(4) IN CASES ALLIGING INEFFECTIVE ASSISTANCE OF COUNSEL, COURTS APPLY THE "STRICKLAND TEST". STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); HERNANDEZ V. STATE, 726 S.W 2d 53 (TEX. CRIM. APP. 1986) (ADOPTING STRICKLAND AS THE APPROPRIATE STANDARD UNDER TEXAS LAW). THE STRICKLAND TEST REQUIRES A TWO STEP ANALYSIS:

(A.). DID THE ATTORNEY'S PERFORMANCE FAIL TO CONSTITUTE "REASONABLY EFFECTIVE ASSISTANCE, THAT IS, DID THE DEFENSE ATTORNEY'S REPRESENTATION FALL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS UNDER PREVAILING PROFESSIONAL NORMS?

(B). IF SO, WAS THERE A REASONABLE PROBAILITY THAT, BUT FOR CONUNSEL'S UNPROFESSIONAL ERROR, THE RESULT OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT?

A REASONABLE PROBAILITY IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); STATE V. WILLIAMS, 83 S.W. 3d 371 (TEX. APP. - CORPUS CHRISTI 2002).

(5). IN THIS CASE, THE FIRST PRONG OF THE STRICKLAO TEST IS MEET. TRIAL COUNSEL'S CONDUCT FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS BECAUSE COUNSEL FAILED TO FILE A MOTION TO DISMISS THE CHARGE FOR IN-SUFFENCT ██ EVIDENCE AND VIOLATION OF MR. HALL'S

(3)

SIXTH AMEND. RIGHT TO A FAIR TRIAL, ADDITIONALLY, TRIAL COUNSEL FAILED TO INTRODUCE CHRISTOPHER LEE BENNETT STATEMENT THAT HE TOOK THE BIRTH TEST AT THE SCENCE AND IT WAS HIM THE OFFICER PLACED IN THE BACK SEAT OF HIS CAR.

TRIAL COUNSEL'S FAILED TO INTERVIEW HALL'S TWO WIT-NESS WHO COULD PROVE THE OFFICER GAVE THE BIRTH TEST TO MR. HALL IN THE ER NOT AT THE SCENCE; OR TO PRESERVE THE DUE PROCESS CLAIM FOR APPEAL AS REQUIRED UNDER TEXAS RULES OF APPELLATE PROCEDURE §33.1.

AS A RESULT OF TRIAL COUNSEL'S INACTION MR. HALL ENTERED INTO A PLEA AGREEMENT WITHOUT ENOUGH IN-FORMATION TO MAKE AN INFORMED AND CONSCIOUS DECISION. SEE, HERRING V. ESTELLE, 491 F2d 125 (5TH CIR. 1974) (COUNSEL MUST ACTUALLY AND SUBSTANTIALLY ASSIST HIS CLIENT IN DECIDING WHETHER TO PLEAD GUILTY; THIS ADVICE SHOULD PERMIT THE ACCUSED TO MAKE AN INFORMED AND CONSCIOUS CHOICE); AND STATE V. WILLIAMS 83 S.W.3d 371 (TEX. APP.—CORPUS CHRISTI, 2002). (A TRIAL COUNSEL'S DUTY TO A CLIENT INCLUDES FULLY EXPLAINING ANY PLEA OFFERS IN ORDER TO HELP HIS CLIENT MAKE AN INFORMED DECISION.)

(6) THE SECOND PRONG OF STRICKLAND IS ALSO MET IN THIS CASE. THE DEFICIENT PERFORMANCE BY MR. HALL'S COUNSEL PREJUDICED THE DEFENSE BY A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULTS OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. SPECIFICALLY, HALL'S PLEA OF GUILTY

(4)

AND THE MAXIMUM TEN (10) YEAR SENTENCE THAT THE COURT IMPOSED.

(7). IN SUPPORT OF THIS MOTION, THE FOLLOWING FACTS OUTSIDE THE RECORD IN THIS CASE ARE ALLEGED:
A. -
(8). THE TRIAL COURT HAS THE DISCRETION TO GRANT A NEW TRIAL IN THE INTERESTS OF JUSTICE, AS THE COURT OF CRIMINAL APPEALS HAS EMPHASIZED:

FOR MORE THAN ONE HUNDRED AND TWENTY YEARS, OUR TRIAL JUDGES HAVE HAD THE DISCRETION TO GRANT NEW TRIAL IN THE INTEREST OF JUSTICE. IN MULLINS V. STATE, 37 TEX. 337, 339-340 (1872-73), THE SUPREME COURT, WHICH AT THAT TIME HAD CRIMINAL JURISDICTION HELD:

THE DISCRETION OF THE DISTRICT COURT, IN GRANTING NEW TRIALS, IS ALMOST THE ONLY PROTECTION TO THE CITIZENS AGAINST THE ILLEGAL OR OPPRESSIVE VERDICTS OF PREJUDICAL, CARELESS OR IGNORANT JURIES, AND WE THINK THE DISTRICT COURT SHOULD NEVER HESITATE TO USE THAT DISCRETION WHENEVER THE ENDS OF JUSTICE HAVE NOT BEEN ATTAINED BY THOSE VERDICTS.

THERE IS A CONFLICT BETWEEN OFFICER DAILY REPORT AND THE VIDEO. CHRISTOPHER LEE BENNETT STATEMENT AND OFFICER DAILY REPORT AS TO WHO HE GAVE THE BIRTH TEST TO AT THE SCENCE. THERE IS A CONFLICT BETWEEN OFFICER DAILY REPORT OF WHAT MR. HALL'S ACTIONS WAS. THAN MR. HALL ACTIONS RECORDED ON THE VIDEO.

THE DEFICIENT PERFORMANCE BY MR. HALL'S COUNSEL

(5)

IN NOT BRING THESE MATTERS TO THE COURT ATTENTION VIOLATES MR. HALL'S RIGHT TO A FAIR TRIAL UNDER THE FEDERAL CONSTITUTION AND RIGHT TO A FAIR TRIAL UNDER STATE CONSTITUTION.

(9) THE STATE PLACED INTO EVIDENCE OF HALL'S GUILT THE LAB REPORT OF HALL'S BLOOD. THE REPORT STATED HALL TESTED .09. UNDER STATE LAW .08 IS THE LIMIT. WHEN THE STATE'S LEGAL MARGIN OF ERROR IS APPLIED TO HALL'S BLOOD LAB TEST. APPELLANT HALL IS UNDER THE STATE'S .08 LEGAL LIMIT.

THE STATE PLACED INTO EVIDENCE THE VIDEO MADE AT THE SCENE. THE DIFFERENCE BETWEEN OFFICER DAILY'S SUPPLEMENT NARRATIVE INCIDENT NO. PD-13-0283 AND THE VIDEO MAKE EVIDENT OF HALL'S INNOCENCE.

WHEN IN A TRIAL UPON A PLEA OF GUILTY, FACTS PLACED IN EVIDENCE BY THE STATE MAKE EVIDENT INNOC — ENCE OF DEFENDANT, OR REASONABLY AND FAIRLY PRESENT SUCH AN ISSUE OF FACT, PLEA OF GUILTY SHOULD BE WITHDRAWN BY THE COURT AND A PLEA OF NOT GUILTY ENTERED. EDWORTHY V. STATE (CR. APP. 1963) 371 S.W. 2d 563. CRIMINAL LAW 274(3.1) SEE SHIELDS V. STATE (CR. APP. 1980) 608 S.W2d 924.; U.S V. DOMINGUEZ BENITEY (2004) 124 S. Ct. 2333.

(10). FOR THESE REASONS, AND FOR SUCH OTHER REASONS THAT MAY ARISE ON THE HEARING OF THIS MOTION, MR. HALL REQUEST A NEW TRIAL.

(6)

WHEREFORE, PREMISES CONSIDERED APPELLANT MARVIN FRANK HALL PRAYS THAT THE COURT SET ASIDE THE JUDGMENT OF CONVICTION ENTERED IN THIS CAUSE AND ORDER A NEW TRIAL ON THE MERITS.

RESPECTFULLY SUBMITTED:

Marvin F. Hall

MARVIN FRANK HALL

PRO-SE

TDCJ-ID 1259577

GURNEY UNIT

1385 FM 3328

PALESTINE, TEXAS 75803

## CERTIFICATE OF PRESENTMENT

By SIGNATURE ABOVE, I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING HAS BEEN MAILED TO THE CLERK FOR THE 8TH JUDICIAL DISTRICT COURT OF FRANKLIN COUNTY, ON THIS DAY, DECEMBER 29, 2014.

## CERTIFICATE OF SERVICE ~~PRESENTMENT~~

THIS IS TO CERTIFY THAT ON DECEMBER 29, 2014, A TRUE AND CORRECT COPY OF THIS MOTION WAS MAILED AND SERVED ON THE FRANKLIN COUNTY DISTRICT ATTORNEY'S OFFICES.

## DECLARATION

I, MARVIN FRANK HALL, BEING PRESENTLY INCARCERATED

(7)

IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE MOTION FOR NEW TRIAL IS TRUE AND CORRECT.

EXECUTED ON DECEMBER 29, 2014

MARVIN FRANK HALL

PRO-SE

(8)